The plaintiff, Joseph Davalie, brought this suit against the defendants, Reynold J. Lucius, proprietor of Lucius Shoring Company and Mrs. Catherine Kearney, claiming the sum of $72 for unpaid wages, $3 for filing his lien in the Mortgage Office and a penalty of $4 for every day that his wages remain due and unpaid after demand was made for said wages, and $25 attorney's fees. Plaintiff waived any sum that may be due in excess of $300.
Defendant, Mrs. Catherine Kearney, answered and denied that she was indebted to plaintiff in any sum whatsoever. Defendant, Lucius, answered and denied that he was indebted to plaintiff with the exception that he admitted owing him $5.10 which amount he had tendered to plaintiff but which plaintiff has refused to accept.
The judex a quo dismissed plaintiff's suit as to defendant, Mrs. Catherine Kearney, and rendered judgment in favor of plaintiff and against defendant Lucius as prayed for. From this judgment defendant Lucius has prosecuted this appeal.
The record reveals that defendant, Lucius, was engaged by Mrs. Catherine Kearney to renovate her property located in 1532 Chippewa Street, this City, and that Lucius employed plaintiff as a carpenter in connection therewith. Plaintiff contends that defendant agreed to pay him fifty cents per hour and that he worked six days a week, eight hours each day, for three weeks beginning October 23d 1939, and ending Saturday, November 11th, 1939, and that, therefore, he worked a total of one hundred and forty-four hours for which *Page 376 
there is due him $72. Plaintiff also contends that in conformity with the provisions of Act 150 of 1920, as amended by Act 138 of 1936, since he earned $4 per day, he is entitled to collect a penalty of $4 per day from defendant for every day his wages remain unpaid after demand was made. Plaintiff fixes the day on which demand for his wages was made as January 24th, 1940.
Defendant, on the other hand, pleads that plaintiff was employed by him at forty cents per hour and that he worked eight hours on Tuesday and Wednesday, November 1st and 2d 1939, and six hours on Thursday, November 3d 1939, or a total of twenty-two hours, amounting to $8.80, which amount was paid to plaintiff. That thereafter plaintiff worked seven hours on Wednesday and Thursday, November 8th and 9th, 1939 and five hours on November 10th, 1939, or a total of nineteen hours amounting to the sum of $7.60, of which sum he was paid $2.50 and the balance of $5.10 was brought to his home and offered to him "but that plaintiff refused to come out of his home and accept the said payment."
An examination of the record discloses that the testimony is not only conflicting but vague and indefinite as to the manner in which plaintiff terminated his employment with defendant, his hourly rate of pay, and the number of days that he worked for defendant. None of plaintiff's witnesses corroborated him as to the amount due him by defendant, or the specific number of hours and days that he worked for the defendant and only one witness verified his testimony as to the hourly rate of pay. We were not impressed by this testimony. It is interesting to observe that all of plaintiff's witnesses were former employees of defendant, and they testified that defendant, at all times, paid them promptly.
Inasmuch as plaintiff has endeavored to penalize defendant for having failed to pay his wages in conformity with the provisions of Act 150 of 1920 as amended by Act 138 of 1936, plaintiff, as a condition precedent to invoking the provisions of this act, must first prove that the defendant was indebted to him for wages which were unpaid. We are of the opinion that plaintiff has failed to successfully carry the burden of proving that defendant owed him any wages, other than the sum of $5.10, which amount we believe defendant tendered to plaintiff, but that plaintiff refused to accept it.
Plaintiff maintains that "with the sharp conflict existing in the testimony of the parties, great weight must be given to the appraisal placed upon it by the trial court" and cites Mahne v. Steele, La. App., 32 So.2d 761, in support of this contention. We are thoroughly in accord with plaintiff's quotation from that decision, and we agree that the testimony in this case is conflicting, but the credibility or veracity of the witnesses is not the basis of our opinion, it is briefly that plaintiff has failed to successfully prove by a simple preponderance of the evidence that defendant owed him any wages other than the amount which defendant tendered plaintiff shortly after plaintiff terminated his employment, consequently and
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof to $5.10, and as thus amended it is affirmed.
Amended and affirmed. *Page 422